UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH OAKLEY

               Plaintiff,
v.                                            Case No. 15-12441

RBS CITIZENS, N.A, and           HON. TERRENCE G. BERG
TROTT & TROTT, P.C.,            HON. DAVID R. GRAND

               Defendants.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

On July 8, 2015, Plaintiff Kenneth Oakley filed a complaint against Defendants RBS Citizens, N.A., and Trott & Trott, P.C., alleging that Defendants illegally foreclosed on his property by incorrectly classifying it as located in a special hazard flood area, which resulted in an unaffordable assessment of flood insurance. (*See* Dkt. 1, ¶¶ 1-4.) Plaintiff alleges that Defendants: (1) failed to comply with the requirements of MCL 600.3204[1] before proceeding with a sheriff sale by advertisement; and (2) knowingly and intentionally violated common law and MCL 565.108 by publishing false statements regarding Plaintiff's property in the chain of title.[2] (*See* Dkt. 1, ¶¶ 29-44.)

---

[1] Plaintiff's complaint also references MCL 600.3205, a statute repealed effective June 19, 2014. *See* 2014 PA 138.

[2] In his complaint, Plaintiff asserts state law and common law claims and maintains that jurisdiction is appropriate in this Court because the amount in controversy exceeds $25,000 and the real property is located in Wayne County, Michigan. (Dkt. 1, ¶ 10.) These allegations are insufficient to establish jurisdiction in *federal* court. The complaint does not present a federal question as required for original jurisdiction under 28 U.S.C. § 1331 and also fails to establish diversity jurisdiction or to allege the amount in controversy requirement of 28 U.S.C. § 1332(a). That law requires that the amount in controversy exceed $75,000 and that the matter in controversy be between citizens of

In addition to failing to plead federal jurisdiction, the complaint in this matter has been virtually abandoned. On July 15, 2015, a summons was issued for Defendant RSB Citizens, N.A. (Dkt. 3.) A summons was issued for Defendant Trott & Trott, P.C. on the following day after Plaintiff's counsel added that party. (Dkt. 4.) Defendants, however, have never been served with the complaint.

On November 6, 2015, Plaintiff's counsel filed a motion to withdraw and for an extension of summons. (Dkt. 5.) Citing a "breakdown in communication" between attorney and client, and noting that Plaintiff had stated in writing to Plaintiff's counsel that he would find new counsel, Plaintiff's counsel sought to withdraw while extending the summonses in order not to prejudice Plaintiff.. (*Id.* at ¶¶ 1-5.)

The Court extended the summonses for sixty days from November 10, 2015. (Dkt. 6, p. 3.) The Court further ordered Plaintiff's counsel to serve a copy of the Court's order on Plaintiff immediately and indicated that her representation of Plaintiff would be terminated once the Court received proof that Plaintiff had been so served. (*Id.* at 2.) Plaintiff's counsel filed notice with the Court on December 7, 2015 certifying that she had served Plaintiff with the Court's order on November 25, 2015 via first class mail at Plaintiff's only known address. (Dkt. 7.) After receiving no response, she sent Plaintiff a second copy of the order via certified mail

---

*different* states. Here, Plaintiff only alleges an amount in controversy greater than $25,000 and that Defendant Trott & Trott, P.C. is a Michigan citizen. (Dkt. 1, ¶ 9, 10.) Plaintiff is most likely also a Michigan citizen, although this is not made explicit in the complaint itself, which refers to Plaintiff as the "rightful owner of the property" at issue in this case. (*Id.* at ¶¶ 5, 7.) Unless a question of federal law is at issue, a case between two Michigan citizens involving less than $75,000 may not be brought in federal court.

2

on November 30, 2015. (*Id.*) Plaintiff's counsel has thus complied with the Court's previous order.

In addition to requiring Plaintiff's counsel to serve her client, the Court order gave Plaintiff until December 11, 2015 to either: (1) retain new counsel and have said counsel file an appearance with the Court; or (2) notify the Court in writing that he intended to proceed pro se and confirm his mailing address. (*Id.* at 3.) As of today, Plaintiff has done neither.

The parties have been advised that failure to comply with the Court's November 10, 2015 order could result in the dismissal of this case. (Dkt. 6, p. 3.) No new counsel has entered an appearance for Plaintiff nor has Plaintiff communicated with the Court in any way regarding this case, and the deadline the Court established for pursuing either option has expired. In the five months since the complaint was filed, this case has not progressed beyond the initial filing stage and the Court has received no signal from Plaintiff that he wishes to proceed at this time.

In view of these circumstances, this complaint will be dismissed without prejudice under the Court's inherent power to manage its docket to prevent undue delay in resolving cases and to avoid congestion in its calendar. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (the power to dismiss for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also In re NLO*, 5 F.3d 154, 157 (6th Cir. 1993) ("District courts unquestionably have substantial

inherent power to manage their dockets."); *In re Prevot*, 59 F.3d 556, 565 (6th Cir. 1995) ("A court has the inherent power to manage its docket, subject of course to statutes requiring special treatment for specified types of cases.").

Accordingly, Plaintiff's case is **HEREBY DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's November 10, 2015 order. Attorney Valerie Moran is **HEREBY ORDERED** to immediately serve a copy of this order on Plaintiff at the address of record and file proof of service with the Court within seven (7) days of the date of service. Because this case is dismissed without prejudice, Plaintiff is not prohibited from re-filing this case, should he conclude that the matter is worth the effort to pursue.[3]

    **SO ORDERED.**

                                  s/Terrence G. Berg
                                  TERRENCE G. BERG
                                  UNITED STATES DISTRICT JUDGE

Dated: December 18, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 18, 2015, using the CM/ECF system, which will send notification to each party.

                                By: s/A. Chubb
                                      Case Manager

---

[3] Plaintiff would be well advised, however, only to do so if jurisdiction properly lies in federal court.

4